# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TREVOR DEVEAUX** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 12-0477 "C" (3)** |
| **JANET NAPOLITANO, SECRETARY DEPARTMENT of HOMELAND SECURITY** | * | **JUDGE: HELEN G. BERRIGAN** |
| | * | **MAG. JUDGE: DANIEL KNOWLES** |
| * | * | * |

## ORDER AND REASONS[1]

Before the Court is a Partial Motion to Dismiss by Janet Napolitano ("Defendant") under Rule 12(b)(1) for lack of subject matter jurisdiction over two untimely filings; and under Rule 12(b)(6) for failure to state a claim under the Health Insurance Portability and Accountability Act ("HIPAA"). Rec. Doc. 20. Trevor Deveaux ("Plaintiff") did not file an opposition to this Motion. Having reviewed the Defendant's memorandum, the record, and the law, the Court **GRANTS** the Motion.

---

[1] Adreanne Stephenson, a student at the University of Notre Dame Law School, helped in preparing this order.

**FACTUAL BACKGROUND**

In January 2009, Plaintiff, an employee of the Federal Emergency Management Agency ("FEMA"), relocated from Florida to Louisiana to work in the Long-Term Recovery Office. Rec. Doc. 20-6 at 1. While employed, he was allegedly subject to a hostile work environment where he experienced sexual harassment and discrimination based on his race (African-American), color (Black), disability (mental), reprisal, and sex (male). Rec. Doc. 20-5 at 2. Plaintiff initiated contact with a counselor from the Equal Employment Opportunity Commission ("EEOC") on May 18, 2009. Rec. Doc. 20-5 at 1. Eight claims were accepted for investigation by the EEOC and Plaintiff filed a complaint on November 29, 2011. Rec. Doc. 1, 20-1 at 5. The following claims were accepted for investigation by the EEOC to determine whether Plaintiff was discriminated against:

1. On March 13, 2009, two co-workers allegedly made unprofessional comments and exhibited sensual non-verbal behavior towards him.

2. On unspecified dates, management began to scrutinize and retaliate against Plaintiff and his staff.

3. On about March 24, 2009, management requested to have one of Plaintiff's EEO staff members assist management with disciplining an employee. Management also stated that if the employee's rights were violated, Plaintiff would be held responsible.

4. On an unspecified date, management sent Plaintiff an email with twelve disparaging statements from a focus group about the EEO Office and Plaintiff's staff.

5. On or about May 18, 2009, Plaintiff learned that management denied his request for relocation expenses and that another employee received relocation expenses during the same time frame.

6. On or about May 18, 2009, Plaintiff learned that he was not selected for the Supervisory Emergency Management Specialist position and someone less qualified for the position had been selected.

7. On or about May 18, 2009, management constructively discharged Plaintiff because it failed to take appropriate remedial action about the alleged hostile environment.

8. On or about July 16, 2009, Plaintiff's government issued credit card was closed because the FEMA database listed him as "terminated" instead of "resigned."

Rec. Doc. 20-2, at ¶ 4.

Discrepancies exist between the dates listed on the accepted claims and other documents in the record. In the EEOC Report and Plaintiff's Affidavit, Plaintiff stated that he discovered management had denied his relocation expenses in January 2009. Rec. Doc. 20-5 at 4; Rec. Doc. 20-6 at 9. This does not match the date given on the accepted claims which stated Plaintiff discovered his relocation expenses had been denied "on or about May 18, 2009." Rec. Doc. 20-1 at 5. Plaintiff does state that on or about May 18, 2009, he discovered a similarly situated employee, Douglas Whitmer, was paid $20,000 to relocate to Louisiana. Rec. Doc. 1 at 12. A second discrepancy exists regarding the failure to promote. After being asked "When and how did you learn that you were not selected for the [Director] position?", Plaintiff stated, "On or abot [sic] February 18, 2009.... Mr. Whitmer brought up the issue that I did real well on the

3

interviewing for the Vacant Position.... However, someone else had been selected." Rec. Doc. 20–6 at 10. This does not match the date given on the accepted claims which stated Plaintiff had discovered he was not promoted "on or about May 18, 2009." Rec. Doc. 20-1 at 5.

Plaintiff's complaint also included a HIPAA violation. Rec. Doc. 1 at 16. Plaintiff alleges that Janice William-Jones, an employee in FEMA's Office of Chief Counsel, violated HIPAA when she loudly discussed Plaintiff's confidential medical information and accused him of filing a false sexual harassment claim. Rec. Doc. 1 at 16-17.

Defendant has moved to dismiss three claims: claim five (5) concerning the denied relocation expenses, claim six (6) concerning non-selection for the promotion to Director, and the HIPAA claim. Rec. Doc. 20-1 at 1. Defendant alleges that Plaintiff's contact with the EEOC on May 18, 2009 occurred after the 45-day limit, and thus, that the claims are time barred, because Plaintiff has alleged that he learned that he was denied relocation expenses in January 2009 and that he was denied a promotion on February 18, 2009. Furthermore, Defendant claims that HIPAA does not provide a private cause of action, and that therefore, Plaintiff fails to state a claim in which relief can be granted.

## LAW AND ANALYSIS

**I.    12(b)(1) Partial Motion to Dismiss Untimely Filing**

The EEOC was created to prevent unlawful employment practices such as discrimination based on race, color, and religion. 42 U.S.C.A. § 2000e-5 (West 2009); 29 C.F.R. § 1614.105(a) (2010). Louisiana is a deferral state, meaning it has set up mechanisms to handle discrimination cases. *Conner v. Louisiana Department of Health and Hospitals*, 247 F. App'x 480, 481 (5th Cir.

2007). Federal employees must initiate contact with an Equal Employment Opportunity counselor within 45 days of the date of the matter alleged to be discriminatory. 29 C.F.R. § 1614.105(a)(1) (2010). Claims must be filed when the plaintiff knows or reasonably should have known about the discriminatory event or personnel action. *Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992). If a person was not notified of the time limits, could not have reasonably known the discriminatory action occurred, or was prevented by circumstances beyond the aggrieved's control from contacting the counselor, then the 45-day limitation must be extended. 29 C.F.R. § 1614.105(a)(2) (2010). An extension of the deadline is not proper if the plaintiff knew about the alleged matter but did not know the discriminatory motive behind it. *See Caprio v. Peters*, 345 F. App'x 824, 827 (3d Cir. 2009).

In *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002), the Court held that discrete discriminatory acts like termination, failure to promote, denial of transfer or refusal to hire are not actionable if time barred, even when they are related to timely filed allegations. Discrete acts constitute a separate actionable unlawful employment practice and occur on a particular day. *Id.* at 114-15. However, the Court recognized that untimely discrete acts may be used as background evidence to support a timely claim, such as a hostile environment claim. *Id.* at 112. A claim for hostile environment involves repeated conduct that occurs over a series of days and is actionable as long as any act falls within the statutory time period. *Id.* at 115, 117. For example, the plaintiff in *Duhé v. United States Postal Service*, No. Civ.A. 03-746, 2004 WL 439890, at *4 n. 48 (E.D. La. Mar. 9, 2008), was time barred from bringing claims against discrete events that occurred outside the 45-day time period. In *Duhé*,

5

however, the plaintiff's time barred claims were considered background evidence to support her timely filed hostile environment claim. *Id.*

In this case, Plaintiff has alleged that his denied request for relocation expenses and non-selection for the promotion occurred on specific dates in January 2009 and February 18, 2009. Therefore, they are discrete acts under the *Morgan* analysis, and thus, they are subject to being time barred. Plaintiff knew about the discriminatory events on specific dates, so contacting the EEOC was necessary within the 45-day time span. In January of 2009, Plaintiff was denied relocation expenses so he was time barred from bringing suit on March 17, 2009, 45 days after the end of January. Even though Plaintiff discovered on or about May 18, 2009, that a similarly situated employee was paid $20,000 to relocate to Louisiana, it is not pertinent that Plaintiff was unaware of the discriminatory motive behind the denied relocation expenses. Rec. Doc. 1 at 12. An extension is invalid even though Plaintiff did not know the discriminatory motive at the time of the denial. Therefore, this claim is time barred. Similarly, on February 18, 2009, Plaintiff discovered that he was not selected for the Director position and was time barred on April 4, 2009. Rec. Doc. 20-6 at 9. Under *Morgan,* failure to promote is considered a discrete event. Plaintiff discovered on February 18, 2009 that he was not promoted to the Director position; since this is a discrete event, Plaintiff was time barred from bringing this claim on April 4, 2009. The initial contact with the EEO counselor on May 18, 2009 fell outside the allotted 45-day time limit, therefore the failure to promote claim is time barred.

Plaintiff did not allege that denial of relocation expenses and non-selection for the Director position fell under his alleged hostile environment claim. Similar to the plaintiff in *Duhé* who was time barred from bringing claims addressing discrete acts but used the actions as

6

background evidence, Plaintiff could use the denial of relocation expenses and the non-selection for the promotion as background evidence to prove his hostile environment claim.

Though claims addressing discrete discriminatory acts are time barred if an aggrieved person does not contact the EEOC in 45 days, the United States Supreme Court in *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982), held that "filing a timely charge of discrimination [is] a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." However, if neither defense applies, then the untimely claim must be barred from suit. *Pacheco,* 966 F.2d at 905 (citations omitted).

The EEOC waives a timeliness objection when it addresses the merits of the complaint without raising the untimeliness defense. *Momah v. Dominguez*, 239 F. App'x 114, 121 (6th Cir. 2007) (citations omitted). *See also Salter v. Principi*, No. Civ. S0429LKKDAD, 2005 WL 1896316, at *4 (E.D. Cal. 2005) (holding that waiver was a valid defense for an untimely filing when the judge reinstated the Plaintiff's claim to be heard on its merits). However, untimeliness is not waived simply because the agency agrees to investigate a discrimination claim. *Momah*, 239 F. App'x at 121. For example, in *Horton v. Potter*, it was not apparent on the face of the complaint that the plaintiff did not initiate contact with the EEOC during the mandatory 45-day period. 369 F.3d 906, 912 (6th Cir. 2004). However, discovery revealed specific dates which supported an untimely filing and the district court properly dismissed the suit. *Id.*

In the present case, the EEOC did not waive the right to raise an untimely defense at the district court level by investigating the discrimination claim. *Momah*, 239 F. App'x at 121. Similar to the plaintiff in *Horton* where discovery revealed specific dates which supported an

7

untimely filing, Plaintiff's affidavit and EEOC questionnaire revealed that initial contact with the EEOC occurred after the 45-day period. After Plaintiff discovered that his relocation expenses were denied and that he was not chosen for the promotion, Plaintiff did not contact the EEO counselor within the 45 days. Discovery and investigation revealed these dates fell outside the 45-day allotment, therefore the Court should dismiss the claims.

Equitable estoppel applies when a defendant intentionally engages in misconduct to prevent the plaintiff from filing a timely charge. *Ezell v. River*, No. 4:01CV00053, 2002 WL 32512863, at *4 (W.D. Va. April, 3, 2002) (citations omitted). Equitable estoppel does not apply in this case because Plaintiff did not allege that FEMA obstructed Plaintiff from filing a timely charge.

"Equitable tolling focuses on the plaintiff's excusable ignorance of the limitations period and is 'not available to avoid the consequences of [the plaintiff's] own negligence." *Carroll v. Holder*, No. 09-3093-CL, 2011 WL 7091804, at *18 (D. Or. Sept. 30, 2011) (quoting *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998)). The doctrine applies when a plaintiff suffers because of negligent circumstances caused by the EEOC or another party. *See e.g., McGarrah v. Kmart Corp.*, No. 3:97-CV-2386-G, 1999 WL 455716, at *3 (N.D. Tex. July, 2 1999) (holding that equitable tolling was warranted when the EEOC lost several forms the plaintiff timely filed because the plaintiff should not be punished for the EEOC's failure to maintain its own records).

The equitable tolling defense is denied when the plaintiff has the duty of "diligent inquiry... to proceed with a reasonable investigation in response to an adverse event." *Pacheco*, 966 F.2d at 906-07; *Castaldo v. Denver Pub. Sch.*, 276 F. App'x 839, 842 (10th Cir. 2008) (holding that the failure to post notices on EEOC filing stipulations is not equitable tolling and

8

shoulder surgery is not incapacitation under equitable tolling especially when the plaintiff contacted an attorney and promptly filed a belated charge despite recovering from surgery).

In the present case, Plaintiff did not allege that the EEOC and Defendant were negligent in maintaining its records or that Plaintiff was incapacitated to allow a limitation extension based on equitable tolling. This case is analogous to *Pacheco* where the plaintiff discovered a similarly situated employee had been accused of sexual harassment but was not discharged. The plaintiff in *Pacheco* was discharged but did not contact the EEOC until three years after the alleged discrimination. In the present case, Plaintiff was similarly situated to Douglas Whitmer who obtained relocation expenses after moving from Florida to Louisiana in mid-2008. Rec. Doc. 20-6 at 9. Even though Plaintiff did not discover this until after the deadline, he had a duty of diligent inquiry to initiate contact with the EEOC within 45 days of the denied relocation expenses. Plaintiff did not initiate contact until May 18, 2009, even though he has admitted that he knew his request was denied in January 2009. Thus, he is time barred from bringing this claim. Time did not begin to run when Plaintiff first perceived that a discriminatory motive caused the denial of relocation expenses. Rather, it began running after he discovered the denial on February 18, 2009. Therefore, equitable tolling is not a valid defense for Plaintiff. *Pacheco*, 966 F.2d at 906 (citing *Merrill v. Southern Methodist University*, 806 F.2d 600, 605 (5th Cir. 1986).

Since waiver, equitable estoppel, and equitable tolling do not apply to the present case, the discrimination claims for denial of relocation expenses and non-selection for promotion are time barred. Therefore, the claims must be dismissed.

9

## II.     12(b)(6) Partial Motion to Dismiss for HIPAA

HIPAA ensures the confidentiality of a patient's medical records. 42 U.S.C.A. §§ 1320d1 to d-7 (West 2011). However, there is no federal private right of action under HIPAA. *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006). Since Congress must create a private cause of action to enforce federal law, it usually does this by express or implied provision. *Id.* at 571. There are no express provisions or implied provisions in HIPAA that create a private cause of action. *Id.* Because HIPAA specifically limits enforcement to the Secretary of Health and Human Services, Congress likely intended to preclude private enforcement. *Id.* Though the Fifth Circuit was the first to address this issue in 2006, many other courts, including the Eighth Circuit, Ninth Circuit, and a plethora of district courts have ruled to preclude a private cause of action in relation to HIPAA. *See* e.g., *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Webb v. Smart Document Solutions, LLC.*, 499 F.3d 1078, 1082 (9th Cir. 2007); *Walker v. Gerald*, No. 05-6649, 2006 WL 1997635, at *6 (E.D. La. June 27, 2006); *Baum v. Keystone Mercy Health Plan*, No. 11-1261, 2011 WL 4632569, at *3 (E.D. Pa. Oct. 5, 2011). HIPAA does not "contain any language conferring privacy rights upon...any specific class of persons [nor] does [it] focus on individuals whose privacy may be at risk but instead on regulating persons who might have access to individuals' health information." *University of Colorado Hospital Authority v. Denver Publishing Company*, 340 F. Supp. 2d 1142, 144-45 (D. Colo. 2004).

Therefore, even assuming it is true that Ms. William-Jones questioned Plaintiff's medical conditions loudly enough to be heard by third parties, she did not violate HIPAA, since there is no private right to suit. Rec. Doc. 1 at 16. Thus, the HIPAA claim must be dismissed.

Accordingly,

IT IS ORDERED that the Partial Motion to Dismiss is **GRANTED**. Rec. Doc. 20.

New Orleans, Louisiana, this 27th day of July, 2012.

                                  **HELEN G. BERRIGAN**
                                  **UNITED STATES DISTRICT JUDGE**